**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 20-341 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| DEAMONTE LAW, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF JURY SELECTION PROCEDURE**

Once the jury panel has been placed in the Courtroom, and following some introductory

comments by the undersigned, the Courtroom Deputy will administer the following oath to the

panel, *en banc*:

> "You and each of you do solemnly swear or affirm that any statement you
> make in this room in the case now trying shall be the truth, the whole truth,
> and nothing but the truth, and you do so under the pains and penalties of
> perjury."

Once the oath has been administered, the Courtroom Deputy/Law Clerk/Judge will then

address the panel as follows:

Ladies and gentlemen, you are here today for jury selection in the criminal case of

the United States v. Deamonte Law.  The defendant, Deamonte Law, is charged in

an Indictment.  I briefly will describe the charge against Mr. Law now and

provide a more detailed description of the charge later.  The Indictment includes

one count, and it alleges that the defendant, after having been convicted of a

felony offense, knowingly possessed a firearm.  Mr. Law has pleaded not guilty.

For the questions that follow, the Courtroom Deputy/Law Clerk/Judge will inform the panel that "for the purposes of the questions asked today, 'immediate family' includes spouses, parents, grandparents, brothers, sisters, children or anyone close to you."

The Courtroom Deputy/Law Clerk/Judge will then address the panel as follows: "Please stand and be prepared to recite your juror number if your answer is 'yes' to any of the following questions."

1.      "The Defendant in this case is Deamonte Law (please stand).  Do you know Deamonte Law?"

2.      "The Government is represented by Assistant United States Attorney Barbara Kiley Doolittle (please stand).  Do any of you know Ms. Doolittle?"

3.      "The Government also is represented by Assistant United States Attorney DeMarr Moulton (please stand).  Do any of you know Mr. Moulton?"

4.      "The Defendant is represented by Attorney David B. Chontos (please stand).  Do any of you know Mr. Chontos?"

5.       "Have any of the attorneys in this case ever represented you or any member of your immediate family?"

6.      "Have you heard or read anything about this case from any source, including, but not limited to, newspapers, radio, television, magazines or the internet?"

7.      "Are you, or is any member of your immediate family, an employee of the federal government, with the exception of military service?  If so, what do they do?"

8.      "Have you, or has any member of your immediate family, ever been employed by any law enforcement agency?  If so, which one?"

9.      "Witnesses in this case may be any or all of the following:

- Steven Kondrosky, Special Agent, Pennsylvania Office of the Attorney General;

- Ryan M. Rennig, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives;

- Jason Clark, Forensic Scientist, Allegheny County Office of the Medical Examiner; and

- Joshua Stegena, Detective, Allegheny County Police Department.

Do you know any of these witnesses?"

10.     "Have you ever served as a juror in a civil or criminal case or as a member of a grand jury?"  (If so, ask the following: "When?  Was that in federal court or state court?  What was the nature of the case?  What was the outcome of the case?")

11.     "Do you have strong feelings about the United States Government, the criminal justice system or the prosecution of criminal cases that would affect your ability to render a fair and impartial verdict in this case?"

12.     "Mr. Law is presumed innocent now and throughout the trial.  Do you have any difficulty presuming at the present time that Mr. Law is innocent?"

13.     "Do you have any difficulty accepting that the defendant has absolutely no burden to prove his innocence?"

14.     "Do you have any difficulty accepting that the defendant does not have to testify and that nothing can be inferred from his not testifying?"

15.     "Do you think that because the defendant has been charged with a crime by the United States, he is probably guilty of that crime?"

16.     "Do you have any problem accepting that the government is required to prove the

defendant guilty beyond a reasonable doubt, and if the government fails to prove guilt beyond a

reasonable doubt, you must find the defendant not guilty?"

17.     Do you have strong feelings about the Allegheny County Police Department, the Bureau

of Alcohol, Tobacco, Firearms, and Explosives or any other law enforcement department or

agency that might affect your ability to render a fair and impartial verdict in this case?"

18.     "Would you be inclined to treat the testimony of a witness who works in law enforcement

differently from a witness who is not so employed?"

19.     "Have you, or any member of your immediate family, been the victim of a crime?"

(If so:  "When and where?  What were the circumstances of the crime?  What was the

outcome?")

20.     "Have you, or has any member of your immediate family, ever been charged with a

criminal offense (other than traffic violations) or appeared in court as a defendant in a criminal

case?"  (If so:  "What was the nature of the charges and the ultimate outcome?  Would your

involvement in that case in any way affect your ability to render a fair and impartial verdict in

this case?")

21.     "Have you, or has any member of your family, ever appeared in court as a witness in a

criminal case on behalf of either the prosecution or the defense?"  (If so:  "When?  Was that in

federal court or state court?  What was the nature of the case?  What was the outcome of the

case?  Would your involvement in that case in any way affect your ability to render a fair and

impartial verdict in this case?")

22.     "Mr. Law is charged with a firearm offense.  You are instructed that possessing a firearm

after having been convicted of a felony offense is a federal crime.  Although I understand that

many people have strong opinions about guns or gun laws, do any of you have opinions that are *so* strong that they would prevent you from being able to render a fair and impartial verdict in this case?"

23.     "Are you, or is a person close to you, such as a close friend or family member, involved with any organization that focuses on gun ownership, Second Amendment rights or gun violence?  If so, would that involvement render you unable to sit as a fair and impartial juror in this case?"

24.     "Television shows and movies about crime, criminal justice and the like often present dramatic interpretations of forensic science, how it works and its use in the collection and assessment of evidence.  The techniques, procedures and equipment portrayed in such shows or movies are not necessarily available or needed in real-world criminal investigations.  Would your familiarity with these types of television shows or movies lead you to have such expectations or other concerns that would prevent you from fairly evaluating the case as it is presented here, whether or not any scientific or forensic evidence is presented?"

25.     "Do you have any health, hearing, or vision impairments, or any other personal limitations or issues, that would prevent you from serving as an effective juror?"

26.     "This trial is expected to take approximately two days, although we may not be starting the case in earnest until this afternoon.  Do any of you have a significant hardship or other compelling reason that would make it impossible for you to serve on the jury?"

27.     "Has anything you've heard in this case so far, from the Court, any attorney, or from any prospective juror impacted your ability to be a fair and impartial juror in this case?"

After these questions have been posed to the jury panel, each juror will then <u>individually</u> answer the following questions:

1.      "What is your present occupation?

2.      "Who is your employer?  (If you are retired, who was your last employer and what was your occupation?)"

3.      "Are you married?  If so, what is your spouse's occupation and who is your spouse's employer?"

4.      "Do you have any adult children?  Are they employed?  Who is their employer?"

5.      "Is there any other reason why you could not sit on this jury and render a fair verdict based on the evidence presented to you?"

After counsel has considered the panel's responses, and the Court has ruled on any additional challenges for cause, peremptory challenges will commence.  Of the first 28 jurors of the panel, the Government is granted 6 peremptory challenges and Defendant shall have 10 challenges, with the government proceeding first.  Each peremptory challenge will be labeled (i.e., "G-1" is the Government's first and "D-3" is Defendant's third).  The Government shall first exercise two strikes, then Defendant shall exercise two strikes.  Thereafter, for four rounds, the Government shall exercise one strike, then Defendant shall exercise two strikes.

Of the next four jurors of the panel (29-32), the Government and Defendant will each get one strike.  The two remaining jurors not stricken will be the alternates.  After all challenges are made, those stricken jurors will be removed from the jury box and the remaining panel will be the jury selected for this trial.  When seating a jury panel, the first twelve names from the panel of 28 seated is the PRIMARY panel.  This means that if any of the first twelve jurors are selected for this jury, they are to remain in their seats, with the remaining jurors to fill in the rest of the panel.  The jury will then be comprised of the panel of twelve, with two alternates.

After the jury has been placed in the jury box, counsel will be asked if they approve of the selection process and of the jury selected.

Prior to the beginning of testimony, the jury will be administered the following oath when the Judge is on the bench:

> "Do each of you solemnly swear or affirm that you will well and truly try the matters in issue now on trial, and render a true verdict, according to the law and the evidence, under the pains and penalties of perjury?"

After the entire case has been presented to the jury and they prepare to deliberate on the issues presented, the Courtroom Deputy will be sworn in as the Bailiff by the Law Clerk present, who will administer the following oath:

> "Do you solemnly swear to keep this jury together in some private and convenient place, and not to permit any person to speak to or communicate with them, nor to do so yourself unless by order of the court or to ask whether they have agreed on a verdict, and to return them into Court when they have so agreed, or when ordered by the Court, under the pains and penalties of perjury?"

December 19, 2022                                        s\Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge

cc (via ECF email notification):

All Counsel of Record